IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>     Plaintiff,<br><br>vs.<br><br>TIMOTHY SEAN COLEMAN,<br><br>     Defendant. | CR-13-103-GF-BMM<br><br>ORDER |

  Defendant Timothy Sean Coleman ("Coleman") has moved the Court for a sentence reduction pursuant to 18 U.S.C. § 3582(c)(1)(A). (Doc. 120.) The Court appointed counsel to assist Coleman in this matter on August 15, 2023. (Doc. 119.) Coleman has provided documentation showing that, over thirty days ago, he filed a request with the warden of his facility. (Doc. 117-1.) This filing satisfies the requirements of 18 U.S.C. § 3582(c)(1)(A). Coleman, through counsel, submitted a second supplemental motion for sentence reduction pursuant to compassionate release. (Doc. 126.)

  The Court may reduce a sentence after considering the sentencing factors in 18 U.S.C. § 3553(a) if "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(a)(1)(A). An

"extraordinary and compelling reason" justifying release may exist where "[t]he defendant presents any [. . .] circumstance or combination of circumstances that, when considered by themselves or together with any of the reasons described in paragraphs (1) through (4), are similar in gravity to those described in paragraphs (1) through (4)." U.S.S.G. § 1B1.13(b)(5). "District courts are empowered to consider any extraordinary and compelling reason for release that a defendant might raise." *United States v. Aruda*, 993 F.3d 797, 801 (9th Cir. 2021).

Coleman seeks release because of the conditions of confinement during the COVID-19 pandemic, the dismissal of some of his prior convictions, and disparities in the treatment of "actual" methamphetamine and methamphetamine "mixture" for purposes of sentencing, and the application of a "career offender" enhancement, and the non-application of safety valve sentencing. (Doc. 120 at 2, 8-9.) Coleman also seeks release in light of two medical conditions, "Carpal Tunnel Syndrome" and "Right Bundle Branch Block and Premature Atrial Contractions." (Doc. 126 at 2-4.)

Coleman need not meet any one of the circumstances described at U.S.S.G. § 1B1.13(b)(1)-(4) if he meets the circumstance described at U.S.S.G. § 1B1.13(b)(5). Coleman's proffer of information as to his "Carpal Tunnel Syndrome" and "Right Bundle Branch Block and Premature Atrial Contractions" informs the Court of his particular medical conditions and the difficulties he personally faces in receiving care in FCI Sheridan. *See* (Doc. 126.) Coleman describes lengthy delays and poor

medical treatment. (Doc. 126 at 2-3.) The Court further notes Coleman's successful completion of skills and substance abuse treatment, *see* (Doc. 120 at 10), and his father's belief that "he has seen a remarkable transformation in his son's attitude and perspective on life over the course of his incarceration," (Doc. 126 at 4). The information Coleman now provides sufficiently "combine[s]" with his other circumstances to constitute a reason "similar in gravity" to the circumstances described in U.S.S.G. § 1B1.13(b)(1)-(4). U.S.S.G. § 1B1.13(b)(5).

Coleman has demonstrated "extraordinary and compelling reasons" to reduce his sentence to a 172-month term of custody with five years of supervised release to follow his release. 18 U.S.C. § 3582(c)(1)(A)(i). The reduced sentence satisfies the federal sentencing goals described in 18 U.S.C. § 3553(a). Coleman is entitled to reduction in his sentence.

## ORDER

Accordingly, **IT IS HEREBY ORDERED** that

1. Coleman's Second Supplemental Motion for Sentence Reduction Pursuant to Compassionate Release (Doc. 126) is **GRANTED**.

2. As of the date of this Order, Coleman's previously imposed sentence of imprisonment is **REDUCED** to 172 months of custody with five years of supervised release to follow his release.

3. Coleman's Motion for Reduction in Sentence (Doc. 117) and Coleman's Supplemental Motion for Sentence Reduction Pursuant Compassionate Release (Doc. 120) are **DENIED as moot**.

**DATED** this 30th day of April, 2024.

_____
Brian Morris, Chief District Judge
United States District Court